Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

9th District of Oregon

Portland Division

Case No. 2:24-cv-01813-MK

*(to be filled in by the Clerk's Office)*

Erik Jovanny FarFan
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*Please write "see attached" in the space and attach an additional*
*Page with the full list of names.)*

-v-

Erin Reyes

Theresa Swart

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include address here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Erik Farfan   J |
| All other names by which you have been known: | |
| ID Number | 18059264 |
| Current Institution | **Two Rivers Correctional Institution** |
| Address | **82911 Beach Access Road** |
| | **Umatilla, Oregon 97882** |
| | *City      State      Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Erin Reyes |
| Job or Title *(if known)* | Superintendent |
| Shield Number | |
| Employer | |
| Address | 82911 Beach Access Rd |
| | Umatilla        OR        97882 |
| | *City          State          Zip Code* |

☒ Individual Capacity  ☒ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | Theresa Swart |
| Job or Title *(if known)* | Operations of Housing Units |
| Shield Number | |
| Employer | |
| Address | 82911 Beach Access Rd |
| | Umatilla, OR. 97882 |

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

|  | *City* | *State* | *Zip Code* |

☒ Individual Capacity  ☒ Official Capacity

> ✦ Defendant No. 3
>> Name                              John  Doe (1-10)
>> Job or Title *(if known)*
>> Shield Number
>> Employer
>> Address

|  | *City* | *State* | *Zip Code* |

☒ Individual Capacity  ☒ Official Capacity

> Defendant No. 4
>> Name                              Jane  Doe (1-10)
>> Job or Title *(if known)*
>> Shield Number
>> Employer
>> Address

|  | *City* | *State* | *Zip Code* |

☒ Individual Capacity  ☒ Official Capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply):*

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8 Amendment cruel and unusal punishment

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If You are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_See Attach additional Pages (Four Pages Total)1-4_

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows (*check all that apply*):

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other (*explain*) _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

B.    If the events rising to your claim arose in an institution, describe where and when they arose.

_At Two Rivers Correctional Institution, on February, 12, 2024_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_February, 12, 2024 at approximately 7:35 Pm_

D.    What are the facts underlying your claim(s)?  (*For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?*)

_See additional Page attach_

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_See additional Page attach ("V. Injuries") Pg 1 of 1_

## VI.    Relief

State briefly what you want the court to do for you.  Make no legal arguments.  Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_See additional page attach ("Relief")_

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_TWO RIVERS CORRECTIONAL INSTITUTION (T.R.C.I)_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

_Two Rivers Correctional Institution_____

2.    What did you claim in your grievance?

_Monetary Compensation And To House The Two Security Threat Groups In seperate Units._

3.    What was the result, if any?

_____None, Assaults Among These Groups Are Still Happening._____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (*Describe all efforts to appeal to the highest level of the grievance process.*)

I File A Grievance, APPeal, And The Final APPeal

F.    If you did not file a grievance:

1.  If there are any reasons you did not file a grievance, state them here:

_____

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

See Additional Page attach

(*Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.*)

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.: 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format*)

1.  Parties to the previous lawsuit

    Plaintiff(s)          _____

    Defendant(s)          _____

2.  Court (*if federal court, name the district; if state court, name the county and State*)

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition.   _____

7.  What was the result of the case? (*For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?*)

    _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

     ☐ Yes

     ☒ No

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. (*If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.*)

       1.  Parties to the previous lawsuit

          Plaintiff(s)     _____

          Defendant(s)    _____

       2.  Court (*if federal court, name the district; if state court, name the county and State*)

          _____

       3.  Docket or index number

          _____

       4.  Name of Judge assigned to your case

          _____

       5.  Approximate date of filing lawsuit

          _____

       6.  Is the case still pending?

          ☐ Yes

          ☐ No

          If no, give the approximate date of disposition.   _____

       7.  What was the result of the case? (*For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*)

          _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10-30-2024

Signature of Plaintiff     _Erik Farfan_
Printed Name of Plaintiff  _Erik Farfan    J_
Prison Identification #    18059264
Prison Address             **82911 Beach Access Road**
                           **Umatilla, Oregon 97882**
                           City        State       Zip Code

### B.    For Attorneys

Date of signing:          _____

Signature of Attorney      _____
Printed Name of Attorney   _____
Bar Number                 _____
Name of Law Firm           _____
Address                    _____
                           _____
                           City            State        Zip Code

Telephone Number           _____
E-mail Address             _____

II. Basis For Jurisdiction ". D.

D.

Plaintiff:

ERIK J. FARFAN #18059264 ("Plaintiff") is presently serving a criminal sentence in the custody of the Oregon Department of Corrections. At all times relevant to this action, Plaintiff was housed at Two Rivers Correctional Institution (T.R.C.I) 82911 Beach Access Rd, Umatilla, Oregon 97882, where he currently resides.

Defendants:

Defendant ERIN REYES ("Superintendent Reyes") at all times relevant to this action was/is employed as superintendent of Two Rivers Correctional Institution, 82911 Beach Access Rd, Umatilla, Oregon 97882, charged with the safety and security of Plaintiff. Superintendent reyes is the Institution's highest authority responsible to uphold the code of conduct which states to uphold the safety of the Public and all individuals incarcerated in T.R.C.I. (Two Rivers Correctional Institution) and has authority over Adults in Custody (AIC's) institutional grievances and concerns. At all times relevant to this complaint, Superintendent reyes acted under the color of state law. She is hereby sued in her individual as well as official capacity, jointly and severally for those acts and omissions described fully bellow.

Defendant THERESA SWART (T.R.C.I. Security) - Operations of Housing Units at all times relevant to this action was/is employed as T.R.C.I Security - Operations of Housing Units of Two Rivers Correctional Institution (T.R.C.I), 82911 Beach Access Rd, Umatilla, Oregon 97882, charged with the duty of housing units of Plaintiff and all Adults in Custody (AIC's) in T.R.C.I. At all times relevant To this complaint, Theresa Swart acted under the color of state law. She is hereby sued in her individual as well as official capacity, jointly an severally for those acts and omissions described fully bellow.

Pg. 1 of 4

On January 19, 2024 Plaintiff was placed on unvoluntary segregation for: "Pending Investigation" by order of Defendant Superintendent Ms. Erin Reyes due to constant assaults between two Security Threat Groups (STG)

These constant assaults among these two Security Threat Groups caused institution Lock-Downs and staff (Correctional Officers) getting injuries separating the assaults.

These two security Threat Groups are well known by defendants Superintendent Erin Reyes and T.R.C.I Security Theresa Swart which she is the one thats in charge of running Operations of Housing Units for all AIC's (Adults in Custody) (See exhibit #3)

The reason for this "Pending Investigation" that the Plaintiff was placed on was so Defendant Superintendent Reyes could come up with a solution and resolve the problem to put a stop to these constant assaults among this two Security Threat Groups since th can not be housed in the same Units and/or Corridors. but these "Pending Investigation" within the knowledge of Defendant Superintendent Reyes was frivolous to her since she did nothing to resolve and fix the problem.

Plaintiff is documented as a member of one of this Security Threat Groups (STG) and well known by Defendant's Superintendent Erin Reyes and Theresa Swart also by most if not all Correctional Officers, Corporals, Sergeants, and Captains that Plaintiff is affiliated with one of this Security Threat Groups.

Defendants Superintendent Erin Reyes and Theresa Swart also know that Plaintiff is on Dialysis. Plaintiff has a shunt/Fistula placed in upper left arm that is connected to a vein that bulges out from left arm (upper) and its connected to Plaintiff Jugular Vein. if this vein that bulges out of Plaintiff upper left arm were to be punched or grab with force, it would Erupt and Plaintiff would bleed out in a matter of seconds. (Please see exhibit #1)

On February 7, 2024 Plaintiff was let out of segregation for that "Pending Investigation" Defendant Theresa Swart knowingly housed Plaintiff on a Unit (unit 7) where there were members from the other security Threat Group. When Plaintiff got to unit 7 Sergeant Ms. M. Fischer was in the Control Point and she had just got off the Phone and inform Plaintiff that she had called someone (Plaintiff Does not Know who, but would think a higher up) to ask and complain "Why was Farfan (Plaintiff) being housed to unit 7 if it was not going to work". Still, whoever she called disregard her (Sergeant Ms. M. Fischer) concern about housing Plaintiff in the wrong unit (7).

Plaintiff was housed in unit 7 for Five (5) days since he got out of segregation for that "Pending Investigation", while on unit 7 Officers including Sergeant MS. M. Fischer would shut down the dayroom to run medline and would open it back up when and only when these two Security Threat Groups members were back in their cells. but for some reason these two Officers G. Johnston and J. Mendrano-Martinez disregard this Protocol to shut down the dayroom before running medline.

On February 12, 2024 at approximately 7:35 p.m. Plaintiff was in dayroom Officer G. Johnston was monitoring the dayroom (unit 7) as AIC's (Adults in Custody) were coming back from medline. among these AIC's coming back from medline was one member of the Other security Threat Group. before entering the unit there is a sally port. (see Exhibit #4)

Officer J. Mendrano-Martinez was in the Control Point and before he (Officer J. Mendrano-Martinez) open the door from the sally port, Plaintiff saw Officer Mendrano get on the Phone. Plaintiff thought of this as odd since both officers G. Johnston and J. Mendrano-Martinez knew that Plaintiff is documented and affiliated with one of the Security Threat Groups and

also knew that one of the AIC's among the group coming back from medline is documented and affiliated with the other Security Threat Group that Plaintiff can't be housed with let alone be out of their cells at the same time. these two officers had full knowledge that the assault was going to happen and did nothing to prevent it. the sally port was open by officer J. Medrano-Martines as soon as he put down the phone and Plaintiff found himself to forcefully defend himself at the same time protecting the vein in his arm.

Defendants Erin Reyes and Theresa Swart were aware of this Two Security Threat Groups not getting along and the constant assaults between them, Plaintiff's affiliation and documentation as a STG (Security Threat Group) member, and Plaintiff's Dialysis serious medical condition, but were deliberately indifferent to Plaintiff's safety by persisting in an ineffective course of action and put a stop to these constant and gruesome assaults among this two Security Threat Groups and house them in separate units and corridors. which was outside the limits of Professional Standards. the Defendant's deliberate indifference to Plaintiff's security and safety caused unnecessary Psychological Pain and suffering, in violation of the Constitutional Eighth Amendment Prohibition against Cruel and unusual Punishment.

Additional Page For: IV. Statement of claim, Question "D."

On January 19, 2024  I (Plaintiff) was Placed on involuntary segregation
    For: "Pending Investigation" (see Exhibit #2) due to constant assaults between
two security threat groups. These two security threat groups are well
    known by Defendant's Superintendent, Ms. Erin Reyes and TRCI (Two Rivers
Correctional Institution) security, Ms. Theresa Swart which she is the one
    that runs Operations of Housing Units (see Exhibit #3).
The reason for this "Pending Investigation" I (Plaintiff) was Placed on, was
    to resolve the Problem, (the constant assaults) Find a solution to keep these
two security threat groups separated since they can NOT be in the same
    units and/or corridors. I'm documented and affiliated with one of these security
    threat group.
On February 7, 2024  I (Plaintiff) was let out of segregation for that
    "Pending Investigation" which had no positive outcome, it was to No avail.
Ms. Theresa Swart went ahead and housed me (Plaintiff) on a unit (7) where
    there were members from the other security threat group.
On February 12, 2024 officer J. Medrano-Martinez open the sally Port door for one
    of the member from the other security threat group when I (Plaintiff) was on
dayroom. Plaintiff finds defending himself and at the same time Protecting
    the Vein in his left arm.

Pg 1 of 1

## V. Injuries

I was severly attacked and assaulted by TRCI and suffered multiple head and neck injuries. I was not seen by TRCI medical even though (I had complained) I felt dizzy, nauseous, disorientated etc. (Possible concussion). I couldn't go to sleep. I believe that I had suffered a trauma brain injury and TRCI medical refuses to address this issue or send me to a specialist, or grant me an MRI

Pg 1 of 1

## VI. Relief

WHEREFORE, Plaintiff respectfully prays that this court enter order: Issuing declaratory relief, declaring that the acts and omissions of the defendants have violated Plaintiff's rights, and stating the defendants' duties with respect to those rights.

Issuing injunctive relief, commanding the defendants to (1) stop housing these Two security Threat Groups in the same units and corridors, and to (2) change Operations of Housing Units protocol to a more fitting and safety classification system.

Awarding Plaintiff Monetary compensation for the unecessary psychological pain and suffering, the Maximum allow by law but in no avent in an amount less than 28,000.00; and Any other relief this court may Deem Just and Proper

Trial by Jury is hereby demanded on all claims alleged herein.

Respectfully,
Erik Jovanny Farfan #18059264
Erik J. Farfan

P9. 1. of 1

This page is for: Exhaustion of Administrative Remedies Administrative Proced.

Section "G": Additional Information

On April 20, 2024  Plaintiff send a communication form also known as "Kyte" to sergeant Ms. M. Fischer asking her who did she call that day of february 7, 2024 to complain and ask; "why was Farfan (Plaintiff) being housed on Unit 7 if it was NOT going to work". Plaintiff NEVER received a response to that communication form (Kyte).

On July 5, 2024 at approximately 10:35 am, as officers and Sergeant MS. M. Fischer were serving lunch in segregation (DSU) section eight (8), I (Plaintiff) stopped sergeant MS. M. Fischer at my door (cell #123) and asked her why she NEVER answer my Kyte I send her months ago? Sergeant M. Fischer respond "I don't remember, but even if I got it I wouldn't of answer it anyway". as she was walking away Plaintiff tried to call her back to ask her who did she call that day of february 7, 2024 but she purposely ignored Plaintiff.

PG. 1 OF 1

# CERTIFICATE OF SERVICE

CASE NAME: Erik J. FarFan    v. Erin Reyes, and Theresa Swart

CASE NUMBER: (if known) _____

COMES NOW, Erik J. FarFan _____, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution. (TRCI)

That on the 30 day of October _____, 20 24, I personally gave Two Rivers Correctional Institution's e-filing service a true copy OF THE FOLLOWING:

1. CIVIL RIGHTS (§1983) PACKET
2. APPLICATION TO PROCEED IN FORMA PAUPERIS
3. MOTION FOR APPOINTMENT OF COUNSEL
4. INMATE TRUST ACCOUNT RECORDS REQUEST
5. EIGHT (8) ADDITIONAL PAGES ATTACH
6. TRUST ACCOUNT STATEMENT'S
7.
8.
9.

_____
(Signature)

Print Name: Erik FarFan

SID #: 18059264